UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOLANDA BEASLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:02CV00823 ERW |
| | ) |
| ROBERT PIEKUTOWSKI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Keith Kierzkowski's Motion *In Limine* to Exclude the October 3, 2001 Department of Justice Report Concerning the Deaths of Earl Murray and Ronald Beasley ("Report") [doc. #153], even though the Report supports Kierzkowski's Motion for Summary Judgment in many respects. Defendant Kierzkowski argues that the Report is inadmissible because (1) it is hearsay that does not fall under the Federal Rules of Evidence ("FRE") Public Records Exception, Rule 803(8)(C), because of its lack of trustworthiness; (2) it contains inadmissible double hearsay under FRE 805; and (3) it would unfairly prejudice Defendant. The Court finds that the Report is inadmissible hearsay for the reasons discussed below.

**I. Background**

This civil action arises as a result of a shooting that took place in a Jack-In-The-Box parking lot on June 12, 2000. In response to the significant public interest in the case, the U.S. Attorney's Office and the Civil Rights Division of the Department of Justice ("DOJ") investigated the circumstances surrounding the two law enforcement officers who discharged their firearms during the incident. The agencies began their investigation after all state investigations had been completed. They re-examined physical evidence gathered by the local investigators and analyzed

1

testimony and other evidence presented to a federal grand jury. After completing its investigation, the DOJ prepared and released a "report" to the public explaining why the U.S. Attorney's office would not be criminally prosecuting the officers involved in the shooting.

**II. Lack of Trustworthiness**

Defendant argues that the hearsay DOJ Report does not fall under the Public Records Exception because it lacks trustworthiness. Federal Rule of Evidence 803(8) provides an exception to the hearsay rule for

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

In Faries v. Atlas Truck Body Manufacturing, the Eighth Circuit outlined the following seven factors that a court should consider when determining the trustworthiness of a public record: (1) the timeliness of the investigation, (2) the special skill or experience of the investigating officer, (3) whether a hearing was held and the level at which the hearing was conducted, (4) any possible motivational problems, (5) the presence or absence of checking procedures, (6) the simplicity or complexity of the matter reported, and (7) the degree to which the matter reported is relied upon outside the immediate context of the litigation in which the evidence is offered. 797 F.2d 619, 622 (8th Cir. 1986). The party opposing the admission of the matter reported as a public record has the burden of proving lack of trustworthiness. Id.

This Court finds that based on these facts of this case, the DOJ Report lacks trustworthiness. First, the DOJ did not begin its investigation until after the local investigations had been completed, and was not published until nearly 16 months after the incident. Furthermore, the investigation was largely a re-examination of the evidence gathered by the local investigators.

Second, the special skill or experience of the investigating officer is unclear from the face of the report. Defendant likens the Report to a police report because of the Report's lack of technical or specialized studies or evaluations. The Court disagrees to the extent that Dr. Kenneth Baker participated in an accident reconstruction. The problem with the references to Dr. Baker's work is that the Report does not discuss the qualifications of Dr. Baker to expound theories on accident reconstruction. Further, the report seems to discuss Dr. Baker's findings in a generalized way, and he will not be available to testify to clarify his opinions. Finally, Dr. Baker's opinion contradicts the testimony of the law enforcement officers that witnessed Earl Murray's Escort move forward. The procedures and methodology underlying Dr. Baker's findings are not apparent from the Report itself, and thus, provide no means for Defendant Kierzkowski to object to his findings.

Third, no public hearings were conducted relating to the findings in the report. The DOJ did not give Defendant Kierzkowski an opportunity to object to any of the factual findings in the Report prior to it being published.

The Fourth factor is neutral. Plaintiffs argue that the DOJ's motivation in preparing the Report is relevant to this matter because Defendant Kierzkowski's counsel was retained and its services paid for by the DOJ. The Court does not agree; counsel for Defendant Kierzkowski clarified that "[p]laintiffs are situated no differently than Special Agent Kierzkowski in this matter in that [Kierzkowski] has also not had access to Mr. Baker in this case." Furthermore, the purpose of the DOJ investigation was to determine whether to bring criminal charges against Kierzkowski because of "the serious nature of the events and the strong public sentiment." Thus, the Court finds that the interests of the DOJ and Kierzkowski were not aligned such that the DOJ would be motivated to make unsupported findings in favor of Kierzkowski and the other Officers.

Fifth, much of the Report is generalized statements that cannot be attributed to any particular person.  Further, Dr. Baker, the accident reconstructionist, is not available to testify, and so, Defendant will be unable to test his opinions on cross-examination.  See Faries, 797 F.2d at 623 (police report inadmissable because there was "no method for checking or corroborating the accident report, and it was impossible for the jury to evaluate its trustworthiness").

Sixth, the matter is relatively complex.  The events transpired very quickly, and there were numerous participants, vehicles and witnesses to the incident.

Finally, the final factor is neutral.  The DOJ investigation was for the express purpose of determining whether or not to bring criminal charges against the officers involved in the shooting.  It was not prepared in anticipation of the civil actions filed by Mr. Murray's family members.

## III. Conclusion

The Court finds that based on the factors outlined by the Eighth Circuit in Faires, the DOJ Report is not admissible under the Public Records Exception to the Hearsay Rule.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants's Motion *In Limine* [doc. #153] is **GRANTED**.

Dated this 21st day of June, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE